**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-997C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: May 19, 2015)

| | |
|---|---|
| EDUARDO LUCERO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| | * |

**FILED**

MAY 19 2015

U.S. COURT OF
FEDERAL CLAIMS

**OPINION**

Defendant has filed a motion to dismiss plaintiff's complaint under RCFC 12(b)(1) for lack of jurisdiction, or alternatively, a motion for judgment on the administrative record. Oral argument is unnecessary in this case. For the reasons that follow, the court **GRANTS** defendant's motion to dismiss.

**I.**

On November 13, 1961, plaintiff, Eduardo Lucero, enlisted in the United States Army and entered active duty. On June 5, 1965, plaintiff was in an accident in an army vehicle and suffered injuries. On June 21, 1965, plaintiff was discharged from the Army hospital and qualified for limited duty with a temporary physical profile. On August 17, 1965, the examining physician found that plaintiff's injuries from the accident were unremarkable and recommended plaintiff use pain relievers and a bed board for any remaining pain. On November 15, 1965, a psychiatric evaluation of plaintiff was completed. The examining psychiatrist diagnosed him with a personality disorder and concluded that his condition did not require separation under medical regulations, but that he could be separated if he was determined to be useless to the service pursuant to Army Regulation 635-209.

On November 16, 1965, the unit commander notified plaintiff that he was being recommended for discharge under the provisions of Army Regulation 635-209, by reason of unsuitability. The unit commander informed plaintiff of the basis for the contemplated

separation action and informed him of his rights. On November 16, 1965, plaintiff signed a statement in which he waived his right to a hearing before a board of officers, elected not to submit a statement on his own behalf, and declined representation by military counsel. On November 17, 1965, the unit commander submitted a recommendation that plaintiff be discharged.

On December 2, 1965, after plaintiff repeatedly returned to sick call complaining of back and shoulder pain, the orthopedic clinic evaluated him and determined that he was malingering. Plaintiff's commanding officer drafted paperwork dated December 3, 1965, to punish plaintiff through an Article 15 proceeding for being absent without official leave (AWOL) for one hour. The paperwork, which was never signed or processed, would have reduced plaintiff's rank and required him to complete fourteen days of extra duty. Plaintiff alleges that his commanding officer threatened him with this paperwork and used it to coerce him into signing the waiver of his rights against a general discharge.

On December 3, 1965, the separation authority approved plaintiff's separation. On December 15, 1965, plaintiff was issued a general, "under honorable conditions" discharge for character and behavior disorders. On June 21, 1977, the Army Discharge Review Board voted to upgrade plaintiff's discharge to fully honorable.

Plaintiff suffered from post-traumatic stress disorder and states that he did not remember the details of his discharge until undergoing psychotherapy at the Denver Veterans Affairs Hospital in 2004. On August 10, 2004, plaintiff submitted an application to the Army Board for Correction of Military Records (ABCMR) requesting his record be changed to reflect a medical discharge and medical retirement with full benefits. On May 23, 2005, the ABCMR denied his application. On June 1, 2006, the ABCMR received a request from plaintiff to reconsider his application. On January 25, 2007, the ABCMR denied his request because it was not received within one year of the ABCMR's original decision.

On May 28, 2014, plaintiff filed a complaint in the United States District Court of Colorado. *Lucero v. Obama*, No. 14-01491 (D. Colo. May 28, 2014). On August 12, 2014, the district court judge issued an order transferring the case to this court. On October 31, 2014, plaintiff filed his transfer complaint in this court. On January 20, 2015, defendant filed a motion to dismiss plaintiff's claim for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), or, in the alternative, a motion for judgment on the administrative record. Briefing on this motion has been completed. Oral argument was deemed to be unnecessary in this case.

## II.

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). In particular, the plaintiff must establish that the court has subject matter jurisdiction over his claims. *Trusted Integration, Inc. v. United*

*States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). With very limited exceptions, the jurisdictional statutes grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See* 28 U.S.C. § 1491; *United States v. Testan*, 424 U.S. 392, 397-98 (1976); *Hurt v. United States*, 64 Fed. Cl. 88, 89, *aff'd*, 134 Fed. Appx. 446 (Fed. Cir. 2005).

This court recognizes that plaintiff is acting *pro se*, and thus it will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, a *pro se* litigant's pleadings must still meet the same jurisdictional requirements as other litigants. *McKown v. United States*, 114 Fed. Cl. 553, 555 (2014); *Greenhill v. United States*, 81 Fed. Cl. 786, 790 (2008) (citing *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)).

None of the statutes cited in plaintiff's complaint grant jurisdiction over plaintiff's case. In particular, this court lacks jurisdiction under the Tucker Act, 28 U.S.C. § 1491. In addition, the court lacks jurisdiction over contract claims arising out of his enlistment contract with the U.S. Army. *Bell v. United States*, 366 U.S. 393, 401 (1961) ("[C]ommon-law rules governing private contracts have no place in the area of military pay. A soldier's entitlement to pay is dependent upon statutory right."); *see also United States v. Larionoff*, 431 U.S. 864, 869 (1977); *Visconi v. United States*, 455 Fed. Appx. 986, 988 (Fed. Cir. 2012). The court lacks jurisdiction over a variety of other claims listed in the margin.[1]

To the extent plaintiff's claims arise under the Military Pay Act, 37 U.S.C. § 204, or 10 U.S.C. § 1201, pertaining to military disability pay, those claims are barred by the statute of limitations. The statute of limitations for claims filed in this court is contained in 28 U.S.C. § 2501, which provides: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." This requirement is jurisdictional, meaning that compliance with it is a condition of the government's waiver of sovereign immunity. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008); *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003)(en banc), *cert. denied,* 504 U.S. 1177 (2004); *Petro-Hunt, L.L.C. v. United States*, 90 Fed. Cl. 51, 58 (2009). Under this statute, a claim accrues when "'all events have occurred to fix the Government's alleged liability,'" and the plaintiff knew or should have known of the existence of his claim. *Martinez*, 333 F.3d at 1316 (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)); *see also San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1358-59 (Fed. Cir. 2011); *Hart v. United States*, 910 F.2d 815, 817 (Fed. Cir. 1990).

---

[1] Section 1331 of Title 28 of the U.S. Code does not apply to this court. 28 U.S.C. § 1331; *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997). Plaintiff's invocation of 38 U.S.C. § 1110 is similarly unavailing, as jurisdiction over benefit determinations made by the U.S. Department of Veterans Affairs is vested solely in the U.S. Court of Veterans Appeals. 38 U.S.C. §§ 511(a), 7104(a).

For claims under the Military Pay Act, a plaintiff's cause of action accrues at the time of the plaintiff's discharge. *Martinez*, 333 F.3d at 1313.[2] Mr. Lucero's discharge occurred in 1965, and cannot be challenged five decades later. *See Fournier v. United States*, 2015 WL 412842, at *2 (Fed. Cl. Feb. 2, 2015).[3]

### III.

Based on the foregoing, the court concludes that it must **GRANT** defendant's motion to dismiss plaintiff's complaint under RCFC 12(b)(1). The Clerk shall dismiss the complaint.

**IT IS SO ORDERED.**

Marian Blank Horn, Judge
for Judge Francis M. Allegra

---

[2] Plaintiff alleges that he did not remember the details of his discharge until undergoing treatment for post-traumatic stress disorder in 2004, and therefore the statute of limitations was tolled. 28 U.S.C. § 2501 ("A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases."); *see also Martinez*, 333 F.3d at 1319. But, even if this disability tolling applied in plaintiff's case, which this court does not have to decide, his complaint was still filed after the statute of limitations had run.

[3] The statute of limitations has also run on plaintiff's claim under 10 U.S.C. § 1201, which accrued when the ABCMR denied his claim. *See Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir.), *cert. denied*, 546 U.S. 1066 (2005).